UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES ELLIOT CULP, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:16-cv-00144 |
| BUSINESS & PROFESSIONAL SERVICES, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW COMES the Plaintiff, JAMES ELLIOT CULP ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC ("CLP"), complaining of BUSINESS & PROFESSIONAL SERVICES, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA) for Defendant's unlawful collection practices.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Indiana and all of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

**PARTIES**

4. Plaintiff is a 59 year old natural person residing at 60986 County Road 21, Goshen, Indiana, which lies in the Northern District of Indiana.

5. Plaintiff is a "consumer" as defined by §1692a(3) of the FDCPA.

6. Plaintiff suffers from chronic obstructive pulmonary disease ("COPD") which significantly limits his ability to work.  He has not held steady employment in several years.

7. From its headquarters at 529 S. 2nd Street, Elkhart, Indiana, Defendant is in the business collecting delinquent consumer debts of others, including a debt allegedly owed by Plaintiff.

8. Defendant is an Indiana corporation and is licensed with the Indiana Secretary of State bearing control number 1990080564 and is in the business of collecting consumer debts in Indiana.

9. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

10.  On its correspondences, Defendant identifies itself as a debt collector and has been a member of The Association of Credit and Collection Professionals since 1987.[1]

**FACTS SUPPORTING CAUSES OF ACTION**

11.  In 2015, Plaintiff received treatment related to his COPD from Rebecca Stichter ("Stichter"), a nurse practitioner with Indiana University Health Goshen Physicians.  *See* attached Exhibit A is a true and correct copy of an affidavit signed by Plaintiff.

12.  Due to his meager income, Plaintiff was not able to pay Stichter for the medical services that he received ("subject consumer debt), resulting in his default.

---

[1] http://www.acainternational.org/memberdirectory.aspx

13. Upon information and belief, Stichter turned the collection of the subject consumer debt over to Defendant after Plaintiff was in default.

14. Plaintiff started receiving correspondences and phone calls from Defendant in 2015 seeking payment on the subject consumer debt.  *See* Exhibit A.

15. On March 9, 2016, Plaintiff called Defendant to seek information about the subject consumer debt and advise that he could not make payment.  *Id.*

16. Upon calling Defendant, Plaintiff was connected to a male representative that did not disclose his name.

17. After Plaintiff provided his name and address to Defendant, he was advised that it was contacting him regarding the subject consumer debt in the amount of $108.50.  *Id.*

18. Defendant sought payment on the subject consumer debt from Plaintiff.

19. After Plaintiff advised that he was unable to work and in the process of applying for disability, Defendant stated that he should call once he could make payment.

20. At no point during the March 9, 2016 phone conversation did Defendant advise Plaintiff that it was a debt collector or that any information it gained would be used for the purpose of collecting on a debt.  *Id.*

21. Plaintiff has severe cognitive impairments which prevent him from processing information quickly.

22. Plaintiff engaged the services of CLP to bring the instant action.

23. Plaintiff has incurred costs and expenses consulting with his attorneys as a direct result of Defendant's collection actions.

24. Plaintiff has suffered financial loss as a result of Defendant's collection actions.

25. Plaintiff has been misled by Defendant's collection actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. The FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (11) The failure to disclose in the initial communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action."
> 15 U.S.C. §§1692e and e(11).
>
> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  15 U.S.C. §§1692f.

28. Defendant violated 15 U.S.C. §§1692e, e(11), and f during the March 9, 2016 call with Plaintiff.  As evidenced by Plaintiff's affidavit, Defendant did not advise him it was a debt collector that was attempting to collect on a debt at any point during the conversation.  This disclosure is mandated by the FDCPA in all communications between debt collectors and consumers.  Additionally, Defendant did not advise Plaintiff that any information it gained as a result of the conversation would be used for the purpose of collecting on the subject consumer debt.  Plaintiff suffers from cognitive impairments which reduced his ability to comprehend the party he was speaking with.  Defendant further confused Plaintiff's understanding by failing to advise the true nature of its relationship to the subject consumer debt.

29. As a sophisticated and experienced debt collector, Defendant knows that it is required to make these disclosures to Plaintiff.  Due to the absence of these disclosures, Defendant's communication was misleading and sought to gain an unfair advantage over Plaintiff.  At the

time of the call with Defendant, Plaintiff did not realize that it was acting as a debt collector. Plaintiff alleges that Defendant routinely fails to advise consumers of its status as a debt collector during its telephonic collection activity.

30. As plead in paragraphs 22 and 25, Plaintiff was harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiff, JAMES ELLIOT CULP, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 13, 2016

Respectfully Submitted,

s/ Nathan C. Volheim
Nathan C. Volheim, Esq., #630210
David S. Klain, Esq., #66305
Counsel for Plaintiff
Admitted in the Northern District of Indiana
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)
nate.v@consumerlawpartners.com
davidkalin@aol.com